(No. 4371- )

GIL BOERS EQUIPMENT COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

HALFPENNY AND HAHN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Gil Boers Equipment Company, a corporation, seeks to recover from respondent the sum of $396.15 owed to claimant for services performed in connection with the repair and overhaul, during the Spring and Summer of 1949, of a crane and clamshell bucket belonging to respondent, and used by the Division of Highways from the Ottawa, Illinois, Division Headquarters.

Although claimant was engaged to make all of the necessary repairs and replacements, such Company found it necessary to secure outside services for press, machine and casting work in the sum of $396.15.

All repairs were completed, and the equipment returned to the Division of Highways at Ottawa prior to July 1, 1949. Claimant submitted its invoice No. 10337, dated May 14, 1949, for $15.00, and invoice No. 10996,

dated June 1, 1949, for $836.09 in time to be paid in the regular course of business from 65th G.A. appropriations. Invoice No. 14013, dated March 29, 1950, for $396.15 covers the labor and materials sublet by claimant. This invoice was not received by the Division of Highways until after said appropriation had lapsed.

A comparison of invoices 10337, 10996 and 14013 shows that there is no duplication of charges.

Had claimant submitted its invoice No. 14013 on or prior to September 20, 1949, the Division of Highways would have paid it in regular course. Claimant was informed by the Division of Highways that owing to the late date of billing, the only available recourse for payment was to this Court.

The appropriations from which the invoice could have been paid lapsed as of September 30, 1949. There were more than sufficient funds in said lapsed appropriations to have paid the invoice had it been presented for payment within the prescribed time.

The reason that claimant was late in submitting its invoice was that its failure to submit such invoice was not discovered until the annual audit of its books during February and March, 1950.

This Court has repeatedly held that where services, materials or supplies have been properly furnished to the State and a bill therefor has been submitted within a reasonable time, and that the same could not be approved and vouchered for payment because of the lapse of the appropriation from which it could have been paid, an award will be made for the reasonable value of the services, materials or supplies where, at the time the State became obligated, there were sufficient funds remaining unexpended in the appropriation to pay for the same. *Shell Petroleum Corp.* v. *State*, 7 C.C.R. 224; *Rock*

*Island Sand and Gravel Co.* v. *State,* 8 C.C.R. 165; *Oak Park Hospital, Inc.* v. *State,* 11 C.C.R. 219; *Yourtee-Roberts Sand Co.* v. *State,* 14 C.C.R. 124; *Johnson* v. *State,* 16 C.C.R. 96; *Haloid Co.* v. *State,* No. 4299, opinion filed September 19, 1950; *Ernest Asphalt Sales Co.* v. *State,* No. 4331, opinion filed January 9, 1951; *Sinclair Refining Co.* v. *State,* No. 4400, opinion filed April 10, 1951.

It is conceded that the charges made by claimant are reasonable, and claimant has brought itself within the ruling of the above cited cases.

An award is, therefore, entered in favor of claimant, Gil Boers Equipment Company, for the sum of $396.15.